IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| GREGORY T. NELSON, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 7:22cv00690 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| UNKNOWN, | ) | By:   Hon. Thomas T. Cullen |
| | ) |         United States District Judge |
| Defendant. | ) | |

Plaintiff Gregory T. Nelson, a Virginia inmate proceeding *pro se,* filed this civil action under 42 U.S.C. § 1983. Nelson alleges that he was held in "segregation/intake without proper hygiene for an extended period of time," which led to him "being infected with hepatitis A and a long[-]term hospitalization and long[-]term side effects [and] health issues." (Compl. at 2 [ECF No. 1].)

Under Rule 10(a) of the Federal Rules of Civil Procedure, the title of the complaint "must name all the parties." Nelson's complaint does not name any defendant. In addition, to state a cause of action under § 1983, a plaintiff must allege facts indicating that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42 (1988). Nelson does not allege any facts against or conduct committed by any person.

The Eighth Amendment protects prisoners from cruel and unusual living conditions. To state a claim of unconstitutional prison conditions, a plaintiff must allege that the living conditions violated contemporary standards of decency and that a defendant was deliberately

indifferent to those conditions. *Wilson v. Seiter*, 501 U.S. 294 (1991). To state a cognizable Eighth Amendment claim for denial of medical care, a plaintiff must allege facts sufficient to demonstrate that an official was deliberately indifferent to a serious medical need. *Estelle v. Gamble*, 429 U.S. 97, 105 (1976); *Conner v. Donnelly*, 42 F.3d 220, 222 (4th Cir. 1994); *Staples v. Va. Dep't of Corr.*, 904 F. Supp. 487, 492 (E.D. Va. 1995). Nelson has not alleged that any person was deliberately indifferent to his living conditions or to any serious medical need.

Because Nelson is proceeding *pro se* and it is possible that he could amend his complaint to state a viable § 1983 claim against a defendant, the court will allow him the opportunity to reopen this case within 21 days. To do so, Nelson must file a motion to reopen with a proposed amended complaint within the time allotted.[1]

The Clerk is directed to send copies of this Memorandum Opinion and the accompanying Order to the parties.

**ENTERED** this 4th day of December, 2023.

>  */s/ Thomas T. Cullen*
> HON. THOMAS T. CULLEN
> UNITED STATES DISTRICT JUDGE

---

[1] The court notes that any proposed amended complaint must name any defendants in the caption, must pursue claims against persons acting under color of state law, and must allege facts demonstrating how each defendant violated Nelson's federal rights.